# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* B.C.

No. 17-1117 (Logan County 16-JA-9)

FILED

May 14, 2018

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father L.C., by counsel Mark Hobbs, appeals the Circuit Court of Logan County's November 15, 2017, order terminating his parental rights to B.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Karen S. Hatfield, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights and urges the Court to adopt a requirement that circuit courts determine whether evidence of a prior involuntary termination of parental rights to an older child is more probative than prejudicial before admitting the same.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed an abuse and neglect petition against the parents. According to the DHHR, the parents had an extensive history of domestic violence and drug use. Moreover, the petition alleged that B.C. was born addicted to controlled substances and suffered withdrawal symptoms that required the administration of methadone. The following month, the DHHR filed an amended petition that included allegations that petitioner's parental rights to two older children were previously involuntarily terminated, in part, upon issues of physical abuse to at least one of the children.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The DHHR subsequently filed two additional amended petitions that have no bearing on this decision.

1

In July of 2016, petitioner filed an answer in which he admitted to the DHHR's allegations "as they relate to his issues of domestic violence in the presence of the child, all of which could constitute abuse or neglect" as defined in the applicable statutes.

In July and August of 2017, the circuit court held dispositional hearings in regard to petitioner. Prior to the dispositional hearings, the DHHR filed a motion to terminate petitioner's parental rights.[3] According to the DHHR, during the proceedings, petitioner was involved in additional incidents of domestic violence and was incarcerated as a result of these incidents for the majority of the proceedings. Moreover, despite the fact that the terms of petitioner's bond prohibited contact with the mother, the parents continued to contact one another. The DHHR additionally alleged that petitioner tested positive for multiple drugs during the proceedings and failed to demonstrate a change in circumstances since the prior involuntary termination of his parental rights to older children.

At disposition, the circuit court heard evidence of petitioner's failure to remedy the conditions of abuse and neglect such that he could properly parent the child. The circuit court also noted that petitioner failed to appear for the dispositional hearing in July of 2017.[4] Moreover, the circuit court heard evidence concerning petitioner's ongoing issues with domestic violence, including the fact that he committed additional acts of domestic violence during the proceedings that resulted in his incarceration. During one incident, petitioner was alleged to have "repeatedly and violently" beaten the mother and attempted to burn down her residence while she was inside. As a result of this incident, petitioner was charged criminally with attempted arson, domestic assault, and domestic battery. Despite overwhelming evidence of petitioner's issue with domestic violence, including the fact that he had been incarcerated approximately thirteen times for domestic violence incidents since 2012, all involving the mother, petitioner testified that he did not have a problem with domestic violence. Moreover, the evidence established that petitioner failed to submit to drug screens on several occasions and also tested positive for marijuana and methamphetamine, which evidenced his ongoing issue with substance abuse. Despite this evidence, petitioner testified that he did not suffer from substance abuse, although he admitted to abusing marijuana as recently as two days before the dispositional hearing. According to the circuit court, petitioner "rationalized that he used marijuana so that he did not abuse Xanax and, therefore, he did not have a substance abuse" problem. Based upon this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of his parental rights was necessary for the child's welfare. Accordingly, the circuit court terminated his parental rights.[5] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[3]The record shows that the DHHR also filed an amended motion to terminate petitioner's parental rights. The contents from both motions, where relevant, are addressed above.

[4]Petitioner was represented by counsel during this hearing.

[5]The mother's parental rights were also terminated below. According to respondents, the child is placed in a foster home with a permanency plan of adoption therein.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, the Court finds no error in the circuit court's termination of petitioner's parental rights, as the evidence overwhelming supports the same. On appeal, petitioner argues that termination was inappropriate because the circuit court "failed to consider how well [he] had done at the beginning of B.C.'s life" and proceeded to termination "too quickly[.]" Petitioner further argues that termination was inappropriate because he "continued to demonstrate interest and love" for the child and he separated from the mother, which he alleges would lead to "a more peaceful life[.]" The Court, however, finds none of these arguments compelling, especially in light of petitioner's continued issues of domestic violence and substance abuse and his failure to acknowledge the conditions of abuse and neglect that necessitated the child's removal.

At disposition, petitioner specifically testified that he did not have problems with either substance abuse or domestic violence, despite the fact that the circuit court heard overwhelming evidence of his continued drug abuse and criminal activity during the proceedings. As set forth above, petitioner either failed to submit for drug screens or, when he did screen, tested positive for marijuana and methamphetamine. Moreover, petitioner admitted to abusing marijuana shortly before the dispositional hearing, but attempted to rationalize that abuse as preventing him from abusing prescription medication. Further, despite the fact that the circuit court heard evidence that petitioner was incarcerated approximately thirteen times for domestic violence incidents since 2012, including during the current proceedings, petitioner also denied any issue with domestic violence. This is in spite of the fact that, during the proceedings, he was incarcerated for an incident in which he physically assaulted the mother "repeatedly and violently" and spread gasoline around her residence while threatening to burn it down with the mother inside. In short, petitioner has entirely failed to acknowledge his extensive and ongoing issues with substance abuse and domestic violence.

We have previously held as follows:

3

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Moreover, according to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future includes one in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child;

As set forth above, petitioner failed to acknowledge the conditions of abuse and neglect and, therefore, was unable to follow through with the case plan or otherwise remedying the conditions of abuse and neglect. Accordingly, the circuit court had substantial evidence upon which to base its findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. Further, West Virginia Code § 49-4-604(b)(6) permits circuit courts to terminate parental rights upon these findings. Moreover, we have held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Finally, the Court finds no merit to petitioner's argument that a circuit court should be required to hold a hearing to determine if evidence of a prior involuntary termination of a parent's rights to an older child is more probative than prejudicial.[6] In support of his argument, petitioner asserts such evidence should be excluded as unduly prejudicial because a parent "has a right to have a fresh start . . . ." However, in his brief to this Court, petitioner cites to no authority

---

[6]It is important to note that in support of this assignment of error, petitioner only argues generally that circuit courts should be required to hold a hearing regarding the admissibility of evidence related to a prior involuntary termination. He does not, however, challenge the admissibility of specific evidence admitted in this matter concerning his prior involuntary termination of parental rights.

requiring such a determination be made prior to admitting such evidence. Moreover, petitioner ignores our prior direction to circuit courts in regard to this issue. As we have explained,

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49-6-1 to -12 (1998) [now West Virginia Code §§ 49-4-601 through 49-4-610]. Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49-6-5b(a) (1998) [now West Virginia Code § 49-4-605(a)] is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). Contrary to petitioner's request, this Court has specifically directed, in accordance with the applicable statutes, that the issue of a prior involuntary termination of parental rights be specifically addressed in abuse and neglect proceedings in order to determine if the underlying issues of abuse and neglect from the prior proceeding have been remedied. As such, petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 15, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

5